NOT FOR PUBLICATION

UNITED STATES COURT OF APPEALS

FOR THE NINTH CIRCUIT

| | |
|---|---|
| KARIM CHRISTIAN KAMAL, | No. 20-55065 |
| Plaintiff-Appellant, | D.C. No. 2:17-cv-01986-RGK-DFM |
| v. | |
| JOSEPH A. FARROW, Individual capacity; et al., | MEMORANDUM* |
| Defendants-Appellees, | |
| and | |
| DONNA FIELDS GOLDSTEIN, Individual capacity; et al., | |
| Defendants. | |

Appeal from the United States District Court
for the Central District of California
R. Gary Klausner, District Judge, Presiding

Submitted September 14, 2021**

Before:     PAEZ, NGUYEN, and OWENS, Circuit Judges.

---

*       This disposition is not appropriate for publication and is not precedent except as provided by Ninth Circuit Rule 36-3.

**       The panel unanimously concludes this case is suitable for decision without oral argument. *See* Fed. R. App. P. 34(a)(2).

Karim Christian Kamal appeals pro se from the district court's judgment dismissing his 42 U.S.C. § 1983 and Racketeer Influenced and Corrupt Organizations Act ("RICO") action. We have jurisdiction under 28 U.S.C. § 1291. We review de novo a dismissal under Fed. R. Civ. P. 12(b)(6). *Hebbe v. Pliler*, 627 F.3d 338, 341 (9th Cir. 2010). We affirm.

The district court properly dismissed Kamal's action because Kamal failed to state a plausible claim. *See Ashcroft v. Iqbal*, 556 U.S. 662, 678 (2009); *see also Eclectic Props. E, LLC v. Marcus & Millichap Co.*, 751 F.3d 990, 997 (9th Cir. 2014) (stating the elements of a RICO claim); *Trevino v. Gates*, 99 F.3d 911, 918 (9th Cir. 1996) ("Liability for improper custom may not be predicated on isolated or sporadic incidents; it must be founded upon practices of sufficient duration, frequency and consistency that the conduct has become a traditional method of carrying out policy."); *Maynard v. City of San Jose,* 37 F.3d 1396, 1404 (9th Cir. 1994) ("Intentional discrimination means that a defendant acted at least in part *because of* a plaintiff's protected status.").

We do not consider matters not specifically and distinctly raised and argued in the opening brief, or arguments and allegations raised for the first time on appeal. *See Padgett v. Wright*, 587 F.3d 983, 985 n.2 (9th Cir. 2009).

**AFFIRMED.**